### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

_____
                                                                :
SETH D. HARRIS, Acting Secretary of           :
Labor, United States Department of Labor,   :
                                                                :
                          Plaintiff,            :
                                                                :       Civil Case No.
              v.                                      :
                                                                :
MPW INDUSTRIAL SERVICES, INC.,           :
AND MONTE BLACK,                                 :
                                                                :
                         Defendants.       :
                                                                :
_____:

## **COMPLAINT**

Plaintiff, Seth D. Harris, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants, MPW Industrial Services, Inc. (an Ohio corporation), and Monte Black, (hereinafter collectively, "Defendants"), from violating the provisions of sections 6, 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendant's employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act.

**I.**

Jurisdiction of this action is conferred upon the court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

**II.**

(a) Defendant, MPW Industrial Services, Inc. is an Ohio corporation having a place of business at 1807 East 28th Street, Lorain, Ohio 44055 which is within the jurisdiction of this Court and is, and at all times hereinafter mentioned was, engaged at that address in operating a pressure washing and industrial cleaning service.

(b) Defendant Monte Black resides at 1400 Stringtown Road, NE, Lancaster, Ohio 43130 and is, and at all times mentioned herein was, President of the corporate defendant acting directly or indirectly in its relation to its employees, as an employer within the meaning of the Act.

**III.**

Defendants are and at all times hereinafter mentioned were engaged in performance of related activities for a common business purpose, constituting an enterprise within the meaning of Section 3(r) of the Act.

**IV.**

Defendants have been and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, having been and being an enterprise having an annual dollar volume in excess of $500,000.00 exclusive of exercise taxes at the retail level and having had and having employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been produced for or moved in commerce.

**V.**

(a) Defendants repeatedly and willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees who were engaged in interstate

commerce or in the production of goods for interstate commerce or employed in an enterprise engaged in commerce or in the production for goods for commerce, within the meaning of the Act, as aforesaid, for wages at rates less than seven dollars and twenty-five cents ($7.25) per hour.

(b)   In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of sections 6 and 15(a)(2) of the Act by continuing to employ employees in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for wages at rates less than seven dollars and twenty-five cents ($7.25) per hour.

## VI.

(a)   Defendants repeatedly and willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing many of their employees, who were engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty (40) hours, without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

(b)   In addition to the violations set forth in sub-part (a) above, Defendants have continued to repeatedly and willfully violate the provisions of Sections 7 and 15(a)(2) of the Act by continuing to employ employees in interstate commerce and in the production of goods for interstate commerce, within the meaning of the Act or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid, for

workweeks longer than forty (40) hours without compensating these employees for their employment in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.

## VII.

Defendants, who are employees subject to the provisions of the Act, have repeatedly and willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that they have failed to make, keep and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that the records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek.

## VIII.

During the period since February 22, 2010, Defendants have repeatedly and willfully violated the aforesaid provisions of the Act. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wages and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE,** cause having been shown, Plaintiff prays for a judgment against Defendants, appropriate as follows:

(a) For an Order pursuant to section 17 of the Act, permanently enjoining and restraining Defendants and their agents, servants, employees and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15 of the Act;

(b) For an Order:

      (1)    Pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wages and overtime compensation due to Defendants' employees and for liquidated damages equal in amount to the unpaid minimum wages and overtime compensation found due Defendants' employees listed in the attached Exhibit A, or in the event liquidated damages are not awarded,

      (2)    Pursuant to Section 17 enjoining and restraining Defendants and their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid minimum wages and overtime compensation found to be due to Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

      (c)    For an Order awarding Plaintiff the costs of this action; and

      (d)    For an Order granting such other and further relief as may be necessary or appropriate.

      Respectfully submitted,

/s/ Sandra B. Kramer\_\_\_\_
SANDRA B. KRAMER (0002071)
Sr. Trial Attorney
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
(216) 522-3876; 522-7172 Fax
E-mail: Kramer.Sandra@dol.gov

OF COUNSEL:

**BENJAMIN T. CHINNI**
Associate Regional Solicitor